**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHELLE RIGDON, individually and as Widow and Next of Kin of GREG RIGDON, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>FLOWSERVE CORPORATION, et al.,<br><br>Defendants, and<br><br>VIBESERVE CORPORATION<br><br>Defendant/Third-Party Plaintiff<br><br>vs.<br><br>WHITE RELIABILITY SERVICES, INC<br><br>Third-Party Defendant. | Case No. 16-CV-81-GKF-FHM<br><br>(Consolidated for Discovery Purposes Only with Case Nos: 16-CV-304 GKF-FHM and 16-CV-459-GKF-FHM) |

## OPINION AND ORDER

Plaintiff Donald Collier's Second Motion to Compel Discovery From Defendants CVR Energy, Inc. and CVR Refining, L.P., [Dkt. 162], is before the court for decision. The matter has been fully briefed. [Dkt. 162, 165, 166]. Plaintiff seeks an order compelling production of 14 draft Incident Investigation Reports authored by non-lawyer Janice DeVelasco, dated between October 14, 2014 and July 2, 2015, which are listed on CVR's privilege log. [Dkt. 162-6]. CVR claims the draft reports are exempt from discovery as attorney work product under Fed.R.Civ.P. 26(b)(3)(B).[1]

To sustain a claim of work product protection, CVR must demonstrate that the documents at issue were prepared in anticipation of litigation by or for CVR or by or for

---

[1] The work product doctrine is governed by federal law, even in diversity cases. *Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.,* 136 F.3d 695, 702 n. 10 (10th Cir. 1998).

CVR's representative. If CVR can make the required showing to establish work product protection for certain documents, Plaintiff can obtain production of those documents only if he can demonstrate that he has "substantial need of the materials in the preparation of [his] case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). If work product documents are produced based on substantial need, the court will ensure that the mental impressions, conclusions, opinions, or legal theories of CVR's attorneys are not disclosed. There is no dispute that the draft reports are relevant or that documents prepared by CVR may qualify for work product protection under Rule 26(b)(3). In addition, Plaintiff has not attempted to establish the existence of the substantial need exception to work product protection. The only issue, therefore, is whether the documents in question were prepared in anticipation of litigation.

CVR asserts that the author, Ms. DeVelasco CVR Vice President of Environmental, Health, and Safety, was "interacting regularly with counsel as she prepared the Incident Investigation Report," [Dkt. 165, p. 8], beginning hours after the refinery fire at issue in this case. CVR argues that the guidance of counsel was foreseeable based on the central evidentiary role the report would play in potential regulatory proceedings and civil litigation about the accident. *Id.* Based on these assertions, and those in the affidavit of Ms. DeVelasco, CVR asserts that the drafts of the report are embedded with counsel's impressions, conclusions, opinions, and legal theories. *Id.* CVR states that producing the

drafts would reveal communications and work product of counsel and are therefore protected by work product and the attorney client privilege.[2]

The fire that occurred at the refinery was a serious, non-routine incident. The incident was of such a magnitude that CVR immediately anticipated the near certainty of regulatory inquiry and civil litigation. Outside counsel and general counsel were contacted immediately and stayed involved throughout the process of drafting the Incident Investigation Report. Plaintiff has been given the final report and the supporting materials. The matter at issue is the incident itself, not the subsequent investigation of the incident and the development of the Incident Investigation Report. Based on the foregoing, including the lack of showing of need for the draft documents, the court concludes that denying Plaintiff discovery of the Report drafts will not deprive Plaintiff of any necessary factual information. At the same time, denying discovery of the Report drafts will protect the impressions, strategies, and opinions of counsel that may be discovered from preliminary drafts of the Report which was prepared in anticipation of litigation.

## **Conclusion**

Plaintiff Donald Collier's Second Motion to Compel Discovery From Defendants CVR Energy, Inc. and CVR Refining, L.P., [Dkt. 162], is DENIED.

SO ORDERED this 17th day of May, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[2] The attorney client privilege is mentioned by CVR in its brief, but is not actually at issue. CVR does not claim attorney client privilege for the drafts in its privilege log. Further, no substantive argument was made concerning the attorney client privilege.