# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE RIGDON, individually and as Widow and Next of Kin of GREG RIGDON, deceased,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FLOWSERVE CORPORATION, et al.,<br><br>　　　　Defendants, and<br><br>VIBESERVE CORPORATION<br><br>　　Defendant/Third-Party Plaintiff<br><br>vs.<br><br>WHITE RELIABILITY SERVICES, INC<br><br>　　　Third-Party Defendant. | Case No. 16-CV-81-GKF-FHM<br><br>(Consolidated for Discovery Purposes Only with Case Nos: 16-CV-304 GKF-FHM and 16-CV-459-GKF-FHM) |

## OPINION AND ORDER

CVR Energy, Inc. and CVR Refining, LP's Motion to Compel Production of Settlement Agreements, [Dkt. 170], is before the undersigned United States Magistrate Judge for decision. The motion has been fully briefed, [Dkt. 170, 186, 187], and is ripe for decision. CVR Energy, Inc. and CVR Refining, LP's (CVR) motion is denied.

Plaintiffs and some Defendants in this action engaged in private mediation. The claims between Plaintiffs and the participating Defendants were settled. The settling parties agreed that the terms of the settlement are confidential. CVR seeks an order compelling production of the settlement agreements. In their joint response to CVR's motion, the settling parties point out that CVR has not served a discovery request seeking production of the settlement agreements. Since the settlements were reached after the end of the discovery period this is no bar to CVR's motion. The settling parties also point

out that CVR's motion does not contain the required statement that counsel have met and conferred in good faith in an attempt to resolve their differences. LCvR 37.1. The setting parties assert that no meet and confer took place and that CVR's motion should be stricken for that failure. The court agrees that it would be appropriate to deny CVR's motion for its failure to engage in the good faith conference required by Fed.R.Civ.P. 37(a)(1) and LCvR 37.1.[1] However, in this instance judicial efficiency is served by denying the motion on its merits.

CVR argues that the settlement agreements are relevant and therefore discoverable because they "may bear on the credibility of testimony," and "are relevant to the evaluation and settlement of the remaining claims." [Dkt. 170. p. 1]. CVR cited *Trinity Mortgage Companies, Inc. v. Dryer*, 09-CV-551-TCK-FHM (June 8, 2010), 2010 WL 3565525 (N.D. Okla.) in support of its argument. In that case the court ordered production of a settlement agreement. That case bears no resemblance to this one. The damages for the legal malpractice in *Trinity* were derived in part from the settlement of a different lawsuit. The court ordered production of the settlement agreement because of the relationship between that settlement and the damages at issue. In the present case CVR has not identified any claim or defense made more or less likely in the instant suit by reason of the settlement of some parties.[2] In other words, CVR has not demonstrated the relevance of the settlement

---

[1] CVR asserts that the parties communicated orally and in writing which complied with LCvR 37.1. The oral communication took place at a deposition. While a conversation between counsel during a deposition may qualify as a meet and confer, this one does not. [Dkt. 186-4]. Nor does the exchange of e-mails satisfy the requirement for a personal meeting and a sincere attempt to resolve differences as required by LCvR 37.1. The very question about whether a meet and confer took place demonstrates that one did not occur.

[2] The settling parties have represented that the settlement agreements do not contain any collusive so-called "Mary Carter" agreements or any admissions of liability. [Dkt. 186-1, ¶¶ 7, 8; 186-2, ¶¶ 8,9].

agreements sought.  The court is not persuaded that the settlement agreements should be produced without some showing of relevance.

CVR baldly asserts that the settlement agreements "may bear on witness credibility and bias." [Dkt. 170, p. 4].  CVR also asserts that the terms of the agreements may create bias in corporate witnesses of settling defendants testifying at trial.  CVR does not, however, explain how such bias may occur in this case where witness statements were gathered within hours after the incident in question and where discovery was completed before any settlement occurred.

CVR argues that the settlement agreements should be produced because some courts have ordered production of settlement agreements on the basis that the agreements enable the remaining parties to engage in settlement discussions, and to evaluate their liability, risk, and defense strategy.  CVR cited *Transportation Alliance Bank, Inc. v. Arrow Trucking Co.,* 10-CV-16-GKF-FHM (October 19, 2011), 2011 WL 4964034 (N.D. Okla.). In that case the court ordered production of a settlement agreement under the peculiar facts presented.  Those facts bear no similarity to the instant case.  CVR relies on *Zlotogura v. Progressive Direct Ins. Co.*, 2013 WL 1855879 (W.D. Okla.).  In that case the defendant insurance company sought production of the settlement agreement between Plaintiff and the other insurance company that provided coverage for a motorcycle accident. The *Zlotogura* Court ruled that the settlement agreement was not privileged, but the key to requiring production of the settlement agreement was the finding that the settlement agreement was relevant to the claims and defenses in that case.  *Id.* at *2.  In the present case, there has been no showing of how settlement is related to any of the claims or defenses.

In its reply brief CVR asserts that it has a justifiable curiosity about why none of the settling defendants have been dismissed. [Dkt. 187, p. 5]. That curiosity could have been satisfied by engaging in the required meet and confer. Curiosity does not present a reason to require production of the settlement agreements. In any event, stipulations of dismissal were filed on June 21, 2017.

The court is aware that maintaining the bargained for confidentiality of settlement agreements promotes the laudable goal of inexpensively resolving disputes through out-of-court settlement. To the extent possible, the court honors the confidentiality clauses contained in settlement agreements. However, a confidentiality clause in a settlement agreement is not a bar to the discovery of a settlement agreement where the settlement agreement itself is relevant to a party's claims or defenses. Fed.R.Civ.P. 26(b)(1). CVR has not demonstrated that the settlement agreement is relevant, and for that reason CVR Energy, Inc. and CVR Refining, LP's Motion to Compel Production of Settlement Agreements, [Dkt. 170], is DENIED.

SO ORDERED this 29th day of June, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE